# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

VALENTIN GARZA,

    Plaintiff,

v.     Civ. No. 17-17 JCH/SCY

NANCY A. BERRYHILL,
*Commissioner of the*
*Social Security Administration*,

    Defendant.

## **REPORT AND RECOMMENDATIONS**

This matter is before me on Plaintiff's Motion to Reverse Commissioner's Administrative Decision and Remand Claim. (Doc. 21). For the reasons discussed below, I recommend that the Court DENY Plaintiff's Motion.

**I.**      **BACKGROUND**

Plaintiff's Motion raises one issue: whether the Appeals Council erred in rejecting new evidence Plaintiff submitted to the Appeals Council. Because of the limited scope of Plaintiff's argument, and because the parties are familiar with the record, I will briefly discuss the background of this case only to the extent it is relevant to the issues before me.

In early 2014, Plaintiff filed an application for disability insurance benefits and supplemental security income. Plaintiff alleged disability, with an onset date of October 11, 2013, due to diabetes, high blood pressure, knee problems, and high cholesterol. AR 83. Plaintiff's claims were initially denied on June 20, 2014, and upon reconsideration on September 10, 2014. AR 30. Plaintiff thereafter requested a hearing, which an Administrative Law Judge (ALJ) held on July 15, 2015. AR 30. In his decision issued on July 5, 2016, the ALJ found that

1

Plaintiff had the following severe impairments: degenerative disc disease, osteoarthritis, obesity, depression, and borderline intellect. AR 83. The ALJ found that Plaintiff had the residual functional capacity to:

> Perform a range of medium work….He is able to lift and/or carry 50 pounds occasionally and can lift and/or carry 25 pounds frequently. Pushing and pulling is limited only by his ability to lift and carry. [Plaintiff] is able to stand, walk and sit for six hours in an eight-hour workday. There are no postural, manipulative, or environmental limitations. [Plaintiff] is limited to simple, routine, repetitive, reasoning level one task; performed in a work environment free of fast-paced production demands; involving only simple work-related decisions; with few, if any, changes in the workplace. [Plaintiff] should have no interaction with the public and only occasional interaction with co-workers and occasional supervision.

AR 37. Based on the RFC, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 44. The ALJ found, however, that jobs existed in significant numbers in the national economy that Plaintiff could perform despite his RFC. AR 46. As a result, the ALJ denied Plaintiff's claim. AR 46.

Plaintiff sought review by the Appeals Council and, in connection with that review, submitted evidence not previously before the ALJ. For example, Plaintiff submitted a letter from Dr. M. Basal Aswad which noted diagnoses of "intractable lower back pain, high alkaline phosphatase, high sedimentation rate, generalized bony pain, diabetes mellitus type II, hypertension, peripheral neuropathy, and GERD." AR 15. Dr. Aswad stated that "[b]ecause of [Plaintiff's] multiple medical conditions I would recommend that he be granted disability status." AR 15. Plaintiff further submitted a handicap parking placard application. AR 16. Finally, Plaintiff submitted a handwritten note dated August 18, 2016, from a psychiatrist with an illegible name[1] that it was his or her "considered opinion that [Plaintiff] suffers from post-traumatic stress disorder. He is permanently disabled by it. At his age unlikely [sic] to recover

---

[1] Plaintiff refers to the psychiatrist as Dr. R.J. Barendger whereas Defendant uses the name Dr. Borensten. I find it unnecessary for purposes of this decision to resolve this conflict.

2

ability to function around others." AR 14. In its decision declining review of Plaintiff's claim, the Appeals Council stated that it looked at this evidence but that "[t]his new information is about a later time…[and] therefore does not affect the decision about whether you were disabled beginning on or before July 5, 2016." AR 6. Plaintiff now appeals this determination by the Appeals Council.

## II. STANDARD OF REVIEW

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. Additional evidence should be considered only if it is new, material, and chronologically pertinent. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). Evidence is new "if it is not duplicative or cumulative," and it is material "if there is a reasonable probability that it would have changed the outcome." *Threet*, 353 F.3d at 1191. Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision. *Id.* If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Id.*

## III. ANALYSIS

The one issue Plaintiff raises for review is whether the Appeals Council erred in not considering new evidence submitted after the ALJ's decision. Plaintiff submitted three new pieces of evidence to the Appeals Council. Doc. 22 at 1. Plaintiff does not object to any part of the ALJ's decision. Accordingly, my review is limited to the evidence Plaintiff submitted to the Appeals Council. Having reviewed this evidence, I recommend concluding that the Appeals Council did not err.

Although the Appeals Council's decision stated that it disregarded the newly submitted evidence on the basis that it was "about a later time," in addition to agreeing with this finding, it

3

is furthermore clear that both the psychiatrist's and Dr. Aswad's letters cannot qualify as "material" evidence. *See Clough v. Social Sec. Admin. Comm'r.*, 636 Fed. App'x 496, 498 (11th Cir. 2016) (affirming despite finding the evidence was chronologically relevant where the court separately found that the newly submitted evidence did not qualify as new); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating that a court may apply a harmless error analysis where based on material considered by the SSA, the court can confidently say that the matter would not have been resolved in any other way).

As noted above, the standard for materiality is whether there is a reasonable probability that the evidence would have changed the outcome. Neither the psychiatrist's opinion nor Dr. Aswad's letter provides information that would change the outcome of this case. The sum total of the psychiatrist's opinion is the diagnosis of PTSD and the statement that Plaintiff is "permanently disabled by it and unlikely to recover ability to function around others." AR 14. Dr. Aswad's letter included a list of Plaintiff's diagnoses and stated, "I would recommend that he be granted disability status." AR 15. Neither of these "opinions," however, is within the purview of a physician. *See* 20 C.F.R. § 404.1527(a) (stating that "medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairments"); *Cowen v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008) (rejecting physician's statement regarding the plaintiff's ability to return to work as "not a true medical opinion" because that is an issue reserved to the commissioner). In other words, these doctors only provide an "opinion" on the issue reserved for the commissioner—whether Plaintiff is disabled.

Likewise, the doctors' acts of providing a list of diagnoses and stating that Plaintiff is therefore disabled are insufficient to call in to question the ALJ's decision. *C.f. Moore v. Colvin*,

4

Civ. No. 13-614, 2014 WL 5765665, *3 (N.D. Okla. Nov. 5, 2014) ("The mere diagnosis of an impairment or condition is not sufficient to sustain a finding of disability…An impairment is not severe if it does not significantly limit a person's physical or mental ability to do basic work activities" (citing *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988); *Branum v. Barnhart*, 385 F.3d 1268 (10th Cir. 2004)). To the extent that these doctors diagnosed Plaintiff with new conditions, neither doctor provided any information on which he or she based these diagnoses. The doctors' opinions were merely statements that Plaintiff had the condition and was disabled as a result. The Court will not discuss at length the various factors an ALJ would be required to examine in order to determine what weight to afford a treating physician's opinion. *See e.g.*, *Langley v. Barnhart*, 373 F.3d 1116, 1120 (10th Cir. 2004) (noting that factors include the length of the treating relationship, the extent of treatment provided, and the degree to which the opinion is supported by relevant evidence). Suffice it to say that it would be entirely appropriate to accord little to no weight to such conclusory statements regarding diagnoses, especially where they lack any accompanying statements of the claimant's limitations apart from stating that the claimant is disabled. For these reasons, I recommend concluding that there is no reasonable probability that this evidence would have changed the outcome.

As to the temporal relationship, I recommend concluding that the opinions are too conclusory to determine the timeframe to which they apply. "Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision." *Padilla v. Colvin*, 525 Fed. App'x 710, 712 (10th Cir. 2013). Plaintiff contends that opinions are chronologically pertinent because there is no evidence that Plaintiff developed these conditions after the ALJ's decision. In the face of such conclusory opinions, however, the Court is unable to draw the inference Plaintiff invites. Neither of the opinions "purport to retroactively diagnose a condition

5

existing in the period preceding the ALJ's decision." *See Krauser v. Astrue*, 638 F.3d 1324, 1329 (10th Cir. 2011). Nor is there any other indication in the opinions themselves as to the timeframe for which they would apply. Without any other information, such as the duration of the treating relationship or the evidence on which the doctors based their opinions, from which the Court could infer the retroactive applicability of the opinions, the Court will not make what is in essence a medical judgment by assuming, for instance, the onset date of the PTSD diagnosis. I therefore recommend that, as an alternative basis, the Court conclude that the Appeals Council's finding on this point was not erroneous.

Further, I will briefly address the remaining piece of evidence Plaintiff submitted: the Certificate of Eligibility for Parking Placard signed by Dr. Aswad. Doc. 16. Although Plaintiff makes no argument in his brief in chief regarding the placard application, Plaintiff briefly discussed it in his reply brief. Doc. 25 at 3. Courts have concluded that checking boxes on handicap parking applications do not constitute medical opinions and that an ALJ therefore has no duty to address them. *See Moore*, 2014 WL 5765665, *3 ("The court finds that the checking of a box on the application for a parking placard, standing alone, does not qualify as a medical opinion that the ALJ was required to discuss." (citing *Parmley v. Astrue*, 2008WL3850250 (E.D. Ky. Aug. 15, 2008)). Further, to the extent courts have considered such evidence, courts conclude that they are due little to no weight. *See Walker v. Colvin*, Civ. No. 13-3345, 2015 WL 1816589, *11, (D. Colo. April 20, 2015) (concluding that ALJ properly gave "very little weight" to handicap parking application because the differing standards between the application and the social security regulations). Thus, for the same reasons cited above, there is no reasonable probability that the handicap parking certificate would have changed the outcome of this case.

**IV.    CONCLUSION**

For foregoing reasons, I recommend denying Plaintiff's Motion to Remand to Agency (Doc. 21).

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**