IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VALENTIN GARZA,

    Plaintiff,

v.                                                                     Civ. No. 17-17 JCH/SCY

NANCY A. BERRYHILL,
*Commissioner of the*
*Social Security Administration*,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Magistrate Judge Steven C. Yarbrough's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 27) filed on February 12, 2018. In his PFRD, Judge Yarbrough recommends that the Court deny Plaintiff's Motion to Remand because the evidence submitted to the Appeals Council was neither material nor chronologically pertinent. Doc. 27. Plaintiff filed objections to the PFRD on February 13, 2018, (Doc. 28), and Defendant responded to Plaintiff's objections on February 15, 2018 (Doc. 29). Having reviewed the PFRD, Plaintiff's objections, Defendant's response, and the relevant law, the Court agrees with Magistrate Judge Yarbrough's analysis and will accordingly adopt the PFRD.

Plaintiff raises three general objections. First, Plaintiff contends that Magistrate Judge Yarbrough improperly disregarded Dr. Aswad's findings in the Certificate of Eligibility for Parking Placard for Mobility Impaired Individuals. Doc. 28 at 2. Second, Plaintiff contends that Magistrate Judge Yarbrough erred in concluding that Dr. Aswad's and Dr. Barendger's opinions were not material because they only covered issues reserved to the commissioner. Doc. 28 at 3.

Finally, Plaintiff contends that Magistrate Judge Yarbrough's erred in concluding that the opinions were not chronologically pertinent. The Court will address these issues in turn.

As for Plaintiff's first objection, Plaintiff's objection misstates the basis of Magistrate Judge Yarbrough's finding that information in Plaintiff's Parking Placard application was not material. Plaintiff argues that Magistrate Judge Yarbrough found the information not relevant because it addressed an issue reserved to the commissioner. Doc. 28 at 2-3. Magistrate Judge Yarbrough found, however, that the handicap parking certificate was not material on the basis of cases concluding that checking a box on an application for a parking placard does not qualify as a medical opinion. *See Moore v. Colvin*, No. 13-614, 2014 WL 5765665, *3 (N.D. Okla. Nov. 5, 2014); *see also Walker v. Colvin*, Civ. No. 13-3345, 2015 WL 1816589, *11 (D. Colo. April 20, 2015) (concluding that the ALJ properly gave "very little weight" to handicap parking application due to the differing standards between the application and the social security regulations). Plaintiff does not address these cases in his objection nor otherwise argue against the proposition Magistrate Judge Yarbrough relied on to determine that this piece of evidence is not material. The Court accordingly rejects Plaintiff's first objection.

Plaintiff contends in his second objection that, despite Magistrate Judge Yarbrough concluding that Dr. Aswad's and Dr. Berandger's opinions were not material because they merely encompassed issues reserved to the commissioner, they were still due consideration. Plaintiff cites Social Security Ruling 96-5p which states that opinions on issues reserved to the commissioner must not be ignored but must be evaluated in order to determine the extent to which they are supported by the other medical evidence in the record.

The Court understands Magistrate Judge Yarbrough's decision to be more nuanced than Plaintiff's objection allows. The standard for materiality is whether there is a "reasonable

probability that [the new evidence] would have changed the outcome." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Magistrate Judge Yarbrough's finding that these opinions covered issues reserved to the commissioner was but one facet of his determination that the opinions were not material. Magistrate Judge Yarbrough went on to find that the conclusory nature of the opinions rendered them insufficiently developed as to create a reasonable probability that they would have changed the outcome. *See* Doc. 27 at 5. Stated another way, the conclusory nature of the opinions would not have permitted either the ALJ, or this Court, to consider the extent to which they were supported by other medical evidence in the record, consistent with SSR 96-5p. Upon review of the pieces of evidence at issue, the Court agrees with Magistrate Judge Yarbrough's findings and recommendation that there was no reasonable probability that this newly submitted evidence would have changed the outcome of the ALJ's decision.

Finally, as to Plaintiff's third objection, the Court first notes that new evidence submitted to the Appeals Council is only required to be considered if it is new, material, and chronologically pertinent. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). Because the Court agrees with Magistrate Judge Yarbrough's recommendation that the evidence is not material, the Appeals Council was not required to review the evidence regardless of whether it is chronologically pertinent. That said, the Court agrees with Magistrate Judge Yarbrough's recommendation that neither the conclusory nature of the opinions nor any other information sufficiently apprised the Court as to the timeframe for which the opinions supposedly applied. For this reason, the Court rejects Plaintiff's objection on this point.

**IT IS THEREFORE ORDERED THAT:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 27)

is ADOPTED.

2. Plaintiff's Motion to Remand is DENIED.

_____
UNITED STATES DISTRICT JUDGE